EXHIBIT C

12/13/2019 9:18 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 39225846
By: C Ougrah
Filed: 12/13/2019 9:18 AM

CAUSE NO. _____

| | | |
|---|---|---|
| NENA SIRIBAN, | § | IN THE JUDICIAL COURT OF |
| | § | |
| *PLAINTIFF,* | § | |
| | § | |
| V. | § | HARRIS COUNTY, TEXAS |
| | § | |
| MAISON INSURANCE COMPANY, | § | |
| | § | |
| | § | |
| *DEFENDANT.* | § | _____ DISTRICT COURT |

**PLAINTIFF'S ORIGINAL PETITION, JURY DEMAND,
AND REQUEST FOR DISCLOSURE**

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, Nena Siriban, ("Plaintiff"), and files **Plaintiff's Original Petition, Jury Demand, and Request for Disclosure**, complaining of Maison Insurance Company ("Maison") (or "Defendant") and for cause of action, Plaintiff respectfully shows the following:

**DISCOVERY CONTROL PLAN**

1.    Plaintiff intends to conduct discovery under Level 3, Texas Rules of Civil Procedure 190.4 and 169.

**PARTIES**

2.    Plaintiff, Nena Siriban, resides in Harris County, Texas.

3.    Defendant, Maison Insurance Company, is a Texas insurance company engaged in the business of insurance in the State of Texas.  Plaintiff requests service of citation upon Maison Insurance Company through its counsel of record.  Plaintiff requests service at this time.

EXHIBIT C-1

**JURISDICTION**

4.      The Court has jurisdiction over Maison because this Defendant engages in the business of insurance in the State of Texas, and the causes of action arise out of Maison's business activities in the state, including those in Harris County, Texas, with reference to this specific case.

**VENUE**

5.      Venue is proper in Harris County, Texas because the insured property is located in Harris County, Texas, and all or a substantial part of the events giving rise to this lawsuit occurred in Harris County, Texas.  TEX. CIV. PRAC. & REM. CODE § 15.032.

**FACTS**

6.      Plaintiff asserts claims for fraud, breach of contract, violations of sections 541 and 542 of the Texas Insurance Code, and violations of the Texas DTPA.

7.      Plaintiff owns an Maison Insurance Company insurance policy, number 482411 ("the Policy").  At all relevant times, Plaintiff owned the insured premises located at 10114 Lazy Lagoon Houston, Texas 77065 ("the Property").

8.      Maison or its agent sold the Policy, insuring the Property, to Plaintiff.  Maison or its agent represented to Plaintiff that the Policy included wind and hailstorm coverage for damage to Plaintiff's home.  Maison has refused the full extent of that coverage currently owed to Plaintiff.

9.      On or about December 28, 2018, the Property sustained extensive damage resulting from a severe storm that passed through the Houston, Texas area.

10.     In the aftermath of the wind and hailstorm, Plaintiff submitted a claim to Maison against the Policy for damage to the Property.  Maison assigned claim number 14146 to Plaintiff's

2

EXHIBIT C-1

claim.

11.     Plaintiff asked Maison to cover the cost of damage to the Property pursuant to the Policy.

12.     Damaged areas of the property include, but are not limited to the roof, vents, flashings, gutters, downspouts and deck repair. The storm compromised the integrity of the roof allowing water to enter, causing water damage to the following areas of the interior: living room, game room, baby girls room, girls closet, upstairs bathroom, kid's bedroom and master bedroom.

13.     Maison assigned or hired Randall Self to adjust the claim.

    a.  Self had a vested interest in undervaluing the claims assigned to him by Maison in order to maintain his employment. The disparity in the number of damaged items in his report compared to that of Plaintiff's Third-Party Adjuster's is evidence of fraud on the part of Self. The valuation of damages that were included in Self's report compared to Plaintiff's Third-Party Adjuster's is also evidence of fraud on the part of Self.

    b.  Furthermore, Self was aware of Plaintiff's deductible before visiting the Property to conduct the inspection. Self had advanced knowledge of the amount of damages he needed to find in order to either deny the claim or find the claim below the deductible.

    c.  Self made misrepresentations as to the amount of damage Plaintiff's Property sustained as well as misrepresentations regarding how much it would cost to repair the damage to Plaintiff's Property.

    d.  Self made further misrepresentations to Plaintiff's during his inspection. Self used his expertise to fabricate plausible explanations for why visible damage to

Certified Document Number: 88515347 - Page 3 of 16

EXHIBIT C-1

Plaintiff's Property would not be covered under the policy. Such misrepresentations include damage to the Property owing from wear and tear, damage from a previous claim, and damage of a type not consistent with the type of claim that was made.

14.   Maison, through its agents, namely Self, conducted a substandard and improper inspection and adjustment of the Property, which yielded grossly inaccurate and unrealistic assessments of the cause, extent, and dollar amount of damage to the Property.

15.   The initial adjustment of the claim occurred on or around January 21, 2019.  Self found that there was minimum repairs to the roof.

16.   After application of the policy deductible, Plaintiff was left without adequate recovery to complete proper repairs on Plaintiff's home.

17.   To date, Plaintiff has received $0.00 for damage to Plaintiff's Property. The damage to Plaintiff's Property is currently estimated at $32,769.47.

18.   Since due demand was made on September 4, 2019, Maison has not communicated that any future settlements or payments would be forthcoming to pay for the entire loss covered under the Policy, nor did it provide any explanation for failing to settle Plaintiff's claim properly.

19.   As stated above, Defendant failed to assess the claim thoroughly.  Based upon Defendant's grossly unreasonable, intentional, and reckless failure to investigate and adjust the claim properly, Maison failed to provide full coverage due under the Policy.

20.   As a result of Maison's failure to provide full coverage, along with Maison's delay tactics to avoid reasonable payment to Plaintiff, Plaintiff has suffered damages.

21.   Maison failed to perform its contractual duties to Plaintiff under the terms of the Policy. Specifically, Maison refused to pay the full proceeds of the Policy, although due demand

EXHIBIT C-1

Certified Document Number: 88515347 - Page 4 of 16

was made for an amount sufficient to cover repairs to the damaged Property, and all conditions precedent to recover upon the Policy were accomplished by Plaintiff.

22. Defendant's misrepresentations, unreasonable delays, and continued denials constitute a breach of the statutory obligations under Chapters 541 and 542 of the Texas Insurance Code. Thus, the breach of the statutory duties constitutes the foundation of a breach of the insurance contract between Maison and Plaintiff.

23. Defendant's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(1). Defendant has not attempted to settle Plaintiff's claim in a fair manner, even though Defendant was aware of its liability to Plaintiff under the Policy. Specifically, Defendant has failed to timely pay Plaintiff's coverage due under the Policy.

24. Defendant's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(2)(A). Defendant failed to provide Plaintiff a reasonable explanation for not making the full payment under the terms of the Policy.

25. Defendant's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(4). Defendant refused to provide full coverage due to Plaintiff under the terms of the Policy. Specifically, Maison, through its agents, servants, and representatives, namely Self, performed an outcome-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair, and inequitable evaluation of Plaintiff's losses on the Property.

26. Defendant's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.055. Defendant failed to reasonably accept or deny Plaintiff's full claim within the statutorily mandated time after receiving all necessary

5

Certified Document Number: 88515347 - Page 5 of 16

EXHIBIT C-1

information.

27.   Defendant's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims.  TEX. INS. CODE §542.056.  Defendant failed to meet its obligations under the Texas Insurance Code regarding timely payment of the claim.  Specifically, Defendant has delayed payment of Plaintiff's claim longer than allowed, and Plaintiff has not received full payment for the claim.

28.   Defendant's wrongful acts and omissions forced Plaintiff to retain the professional services of the attorneys and law firm representing Plaintiff with respect to these causes of action.

## CAUSES OF ACTION AGAINST DEFENDANT MAISON INSURANCE COMPANY

### BREACH OF CONTRACT

29.   All allegations above are incorporated herein.

30.   Maison is liable to Plaintiff for intentional violations of the Texas Insurance Code, and intentional breach of the common-law duty of good faith and fair dealing.  It follows, then, that the breach of the statutory duties constitutes the foundation of an intentional breach of the insurance contract between Maison and Plaintiff.

31.   Maison's failure and/or refusal to pay adequate coverage as obligated under the terms of the Policy, and under the laws of the State of Texas, constitutes a breach of the insurance contract with Plaintiff.

### NONCOMPLIANCE WITH THE TEXAS INSURANCE CODE: UNFAIR SETTLEMENT PRACTICES

32.   All allegations above are incorporated herein.

EXHIBIT C-1

Certified Document Number: 88515347 - Page 6 of 16

33. Maison's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a). All violations under this article are actionable by TEX. INS. CODE §541.151.

34. Maison's unfair settlement practice of misrepresenting to Plaintiff material facts relating to coverage constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(1).

35. Maison's unfair settlement practice of failing to attempt in good faith to make a prompt, fair, and equitable settlement of the claim, even though liability under the Policy was reasonably clear, constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(2)(A).

36. Maison's unfair settlement practice of failing to provide Plaintiff a prompt and reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for partial denial of the claim, constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(3).

37. Maison's unfair settlement practice of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiff constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(4).

38. Maison's unfair settlement practice of refusing to pay Plaintiff's claim without conducting a reasonable investigation constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(7).

**NONCOMPLIANCE WITH THE TEXAS INSURANCE CODE:**
**THE PROMPT PAYMENT OF CLAIMS**

39. All allegations above are incorporated herein.

7

Certified Document Number: 88515347 - Page 7 of 16

EXHIBIT C-1

40. Maison's conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims. All violations made under this article are actionable by TEX. INS. CODE §542.060.

41. Maison's failure to notify Plaintiff in writing of its acceptance or rejection of the full claim within the applicable time constraints constitutes a non-prompt payment in violation of TEX. INS. CODE §542.056.

42. Maison's delay in paying Plaintiff's claim following receipt of all items, statements, and forms reasonably requested and required, for longer than the amount of time provided, constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.058.

**BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING**

43. All allegations above are incorporated herein.

44. Maison's conduct constitutes a breach of the common-law duty of good faith and fair dealing owed to an insured in insurance contracts.

45. Maison's failure to adequately and reasonably investigate and evaluate Plaintiff's claim, although, at that time, Maison knew or should have known by the exercise of reasonable diligence that liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

**DTPA VIOLATIONS**

46. All allegations above are incorporated herein.

47. Maison's conduct constitutes multiple violations of the Texas Deceptive Trade Practices Act ("DTPA"), TEX. BUS. & COM. CODE 17.41–63. Plaintiff is a consumer of goods and services provided by Maison pursuant to the DTPA. Plaintiff has met all conditions

8

EXHIBIT C-1

Certified Document Number: 88515347 - Page 8 of 16

precedent to bringing this cause of action against Maison. Specifically, Maison's violations of the DTPA include, without limitation, the following matters:

A.      By its acts, omissions, failures, and conduct, Maison has violated sections 17.46(b)(2), (5), (7), (9), (12), (20) and (24) of the DTPA. Maison's violations include without limitation, (1) unreasonable delays in the investigation, adjustment, and resolution of Plaintiff's claim, (2) failure to give Plaintiff the benefit of the doubt, and (3) failure to pay for the proper repair of Plaintiff's property when liability has become reasonably clear, which gives Plaintiff the right to recover under section 17.46(b)(2).

B.      Maison represented to Plaintiff that the Policy and Maison's adjusting and investigative services had characteristics or benefits that they did not possess, which gives Plaintiff the right to recover under section 17.46(b)(5) of the DTPA.

C.      Maison also represented to Plaintiff that the Policy and Maison's adjusting services were of a particular standard, quality, or grade when they were of another, in violation of section 17.46(b)(7) of the DTPA.

D.      Furthermore, Maison advertised the Policy and adjusting services with the intent not to sell them as advertised, in violation of section 17.46(b)(9) of the DTPA.

E.      Maison breached an express warranty that the damages caused by wind and hail would be covered under the Policy. This breach entitles Plaintiff to recover under sections 17.46(b)(12) and (20) and 17.50(a)(2) of the DTPA.

F.      Maison's actions are unconscionable in that Maison took advantage of Plaintiff's lack of knowledge, ability, and experience to a grossly unfair degree. Maison's

EXHIBIT C-1

unconscionable conduct gives Plaintiff a right to relief under section 17.50(a)(3) of the DTPA; and

G.    Maison's conduct, acts, omissions, and failures, as described in this petition, are unfair practices in the business of insurance in violation of section 17.50(a)(4) of the DTPA.

48.    Each of the above-described acts, omissions, and failures of Maison is a producing cause of Plaintiff's damages.  All of the above-described acts, omissions, and failures were committed "knowingly" and "intentionally," as defined by the Texas Deceptive Trade Practices Act.

## FRAUD

49.    All allegations above are incorporated herein.

50.    Maison is liable to Plaintiff for common-law fraud.

51.    Each and every misrepresentation described above concerned material facts that absent such representations, Plaintiff would not have acted as Plaintiff did, and Maison knew its representations were false or made recklessly without any knowledge of their truth as a positive assertion.

52.    Maison made the statements intending that Plaintiff act upon them.  Plaintiff then acted in reliance upon the statements, thereby causing Plaintiff to suffer injury constituting common-law fraud.

## KNOWLEDGE

53.    Defendant made each of the acts described above, "knowingly," as defined in the Texas Insurance Code, and each was a producing cause of Plaintiff's damages described herein.

EXHIBIT C-1

Certified Document Number: 88515347 - Page 10 of 16

## WAIVER AND ESTOPPEL

54.     Defendant waived and is estopped from asserting any coverage defenses, conditions, exclusions, or exceptions to coverage not contained in any reservation of rights letter to Plaintiff.

## DAMAGES

55.     Since the claim was made, Maison has not properly compensated Plaintiff for all necessary repairs required, which are covered under the Policy.  This has caused undue hardship and burden to Plaintiff.   These damages are a direct result of Defendant's mishandling of Plaintiff's claim in violation of the laws set forth above.

56.     Defendant made the above and other false representations to Plaintiff, either knowingly or recklessly, as a positive assertion, without knowledge of the truth.  Defendant made these false misrepresentations with the intent that Plaintiff act in accordance with the misrepresentations.  Plaintiff then relied on these misrepresentations, including but not limited to those regarding coverage and the cause and scope of damage.  Plaintiff suffered damages as a result.

57.     Plaintiff would show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of damages sustained.  The acts, omissions, failures, and conduct of Defendant has caused Plaintiff's damages, which include, without limitation, costs for all necessary repairs required to be made to Plaintiff's Property, and any investigative and engineering fees incurred.

58.     For breach of contract, Plaintiff is entitled to regain the benefit of Plaintiff's bargain, which is the amount of Plaintiff's claim, consequential damages, together with attorney's fees.

59.     The damage to Plaintiff's Property is currently estimated at $32,769.47.

Certified Document Number: 88515347 - Page 11 of 16

EXHIBIT C-1

60.     For noncompliance with the DTPA and Texas Insurance Code, Unfair Settlement Practices, Plaintiff is entitled to actual damages, which include the loss of the benefits owed pursuant to the Policy, court costs, and attorney's fees.  For knowing and intentional conduct of the acts described above, Plaintiff asks for three (3) times Plaintiff's actual damages.  TEX. INS. CODE §541.152 and TEX. BUS. & COM. CODE 17.50(B)(1).

61.     For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiff is entitled to the amount of Plaintiff's claim, plus an eighteen percent (18%) per annum penalty on that claim, as damages, as well as pre-judgment interest and reasonable attorney's fees.  TEX. INS. CODE §542.060.

62.     For breach of the common-law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from Defendant's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of money Maison owed, and exemplary damages.

63.     Defendant's breach of the common-law duty of good faith and fair dealing was committed intentionally, with a conscious indifference to Plaintiff's rights and welfare, and with "malice," as that term is defined in Chapter 41 of the Texas Civil Practices and Remedies Code.  These violations are the type of conduct which the State of Texas protects its citizens against by the imposition of exemplary damages.  Therefore, Plaintiff seeks the recovery of exemplary damages in an amount determined by the finder of fact sufficient to punish Defendant for its wrongful conduct and to set an example to deter Defendant and others from committing similar acts in the future.

Certified Document Number: 88515347 - Page 12 of 16

12

EXHIBIT C-1

64.    For fraud, Plaintiff is entitled to recover actual and exemplary damages for knowingly fraudulent and malicious representations, along with attorney's fees, interest, and court costs.

65.    For the prosecution and collection of this claim, Plaintiff has been compelled to engage the services of the attorneys subscribed to this pleading.  Therefore, under Chapter 38 of the Texas Civil Practices and Remedies Code, sections 541 and 542 of the Texas Insurance Code, and section 17.50 of the DTPA, Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorneys in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

66.    As required by Rule 47(b) of the Texas Rules of Civil Procedure, Plaintiff's counsel states that the damages sought are in an amount within the jurisdictional limits of this Court.  As required by Rule 47(c)(3) of the Texas Rules of Civil Procedure, Plaintiff's counsel states that Plaintiff seeks only monetary relief of no less than $100,000.00, but no more than $200,000.00, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees. A jury will ultimately determine the monetary relief actually awarded, however. Plaintiff also seeks pre-judgment and post-judgment interest at the highest legal rate.

## REQUESTS FOR DISCLOSURE

67.    Under Texas Rules of Civil Procedure 190 and 194, Plaintiff requests that Defendant disclose, within fifty (50) days from the date this request is served, the information or material described in Rules 190.2(b)(6) and 194.2.

Certified Document Number: 88515347 - Page 13 of 16

EXHIBIT C-1

## JURY DEMAND

68.     Plaintiff hereby requests a jury trial for all causes of action alleged herein, tried before a

jury consisting of citizens residing in Harris County, Texas.  Plaintiff hereby tenders the

appropriate jury fee.

## PRAYER

Plaintiff prays that Defendant, Maison Insurance Company, be cited and served to appear,

and that upon trial hereof, Plaintiff, Nena Siriban, has and recovers from Defendant, Maison

Insurance Company, such sums as would reasonably and justly compensate Plaintiff in accordance

with the rules of law and procedure, as to actual, consequential, and treble damages under the

Texas Insurance Code and Texas Deceptive Trade Practices Act, and all punitive, additional, and

exemplary damages, as may be found.  In addition, Plaintiff requests the award of attorney's fees

for the trial and any appeal of this case, for all costs of Court expended on Plaintiff's behalf, for

pre-judgment and post-judgment interest as allowed by law; and for any other and further relief,

at law or in equity, to which Plaintiff, Nena Siriban, may show Plaintiff is justly entitled.

Certified Document Number: 88515347 - Page 14 of 16

EXHIBIT C-1

Respectfully submitted,

CHAD T WILSON LAW FIRM, PLLC

By: /s/ *Chad T. Wilson*

Chad T. Wilson
Bar No. 24079587
Thomas J. Landry
Bar No. 24099161
455 East Medical Center Blvd., Suite 555
Webster, Texas 77598
Telephone: (832) 415-1432
Facsimile: (281) 940-2137
eservice@cwilsonlaw.com
cwilson@cwilsonlaw.com
tlandry@cwilsonlaw.com


ATTORNEYS FOR PLAINTIFF

Certified Document Number: 88515347 - Page 15 of 16

15

EXHIBIT C-1

## <u>CERTIFICATE OF SERVICE</u>

I certify that a true and correct copy of *Plaintiff's Original Petition, Jury Demand and Request for Disclosure* was sent to all parties via U.S. Regular Mail, electronic service, electronic mail or by facsimile on this 13th day of December 2019.

Eric Bowers
Bar No. 24045538
Zelle, LLP
901 Main Street, Suite 4000
Dallas, Texas 75202
Telephone: (214) 986-7987
Direct: (214) 749-4249
Facsimile: (214) 760-8994
Email: EBowers@zelle.com

**ATTORNEY FOR DEFENDANT,**
**MAISON INSURANCE COMPANY**

*/s/: Chad T. Wilson*

Certified Document Number: 88515347 - Page 16 of 16

16

EXHIBIT C-1



I, Marilyn Burgess, District Clerk of Harris County, Texas certify that this is a true and correct copy of the original record filed and or recorded in my office, electronically or hard copy, as it appears on this date.
Witness my official hand and seal of office this   January 6, 2020

Certified Document Number:       88515347 Total Pages:  16

Marilyn Burgess, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**

EXHIBIT C-1

1/6/2020 10:02 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 39682805
By: Charlie Tezeno
Filed: 1/6/2020 10:02 AM

CAUSE NO. 2019-88030

| | | |
|---|---|---|
| NENA SIRIBAN, | § | IN THE DISTRICT COURT |
| Plaintiff | § | |
| | § | |
| | § | |
| v. | § | HARRIS COUNTY, TEXAS |
| | § | |
| | § | |
| MAISON INSURANCE COMPANY, | § | |
| Defendant. | § | 270TH DISTRICT COURT |
| | § | |

**DEFENDANT MAISON INSURANCE COMPANY'S ORIGINAL ANSWER**

Defendant Maison Insurance Company ("Maison") files this Original Answer and would respectfully show:

**I.**
**GENERAL DENIAL**

1.     Pursuant to Rule 92 of the TEXAS RULES OF CIVIL PROCEDURE, Defendant Maison generally denies each and every allegation contained in Plaintiff's Original Petition and demands strict proof thereof by a preponderance of the evidence. By this general denial, Defendant Maison further demands that Plaintiff prove every fact in support of her claim for exemplary damages by clear and convincing evidence.

**II.**
**DENIAL OF CONDITIONS PRECEDENT**

2.     Defendant Maison specifically denies that Plaintiff has satisfied all conditions precedent to the recovery she seeks in this lawsuit. The specific conditions that have not occurred or been satisfied or waived are as follows:

Certified Document Number: 88773724 - Page 1 of 6

EXHIBIT C-2

Certified Document Number: 88773724 - Page 2 of 6

*Loss Above the Deductible*

3.      Maison's obligation to pay under the Policy extends, if at all, only to a covered loss that exceeds the Policy deductible. If there is an obligation to pay, it applies only to the amount of covered loss, if any, that exceeds the deductible.

*Loss During the Policy Period*

4.      The Policy applies only to loss that occurs during the policy period. To the extent that any part of the loss of which Plaintiff complains did not occur during this policy period, the Policy provides no coverage for such loss.

*Loss Settlement Clause*

5.      Maison's obligation to pay under the Policy extends, if at all, only to the extent provided by the Policy's Loss Settlement clause.

*Cosmetic Hail Loss Limitation Endorsement*

6.      By endorsement, Plaintiff's claims are barred, in whole or in part, to the extent that the damage consists of dents, scratches or nicks on the exterior surface of the home or other structures that do not compromise their structural integrity. This endorsement specifically limits Plaintiff's recovery for such damage to 2% of the amount of insurance provided under Coverage A – Dwelling.

*Duties After Loss*

7.      Maison's obligation to pay under the Policy extends, if at all, only to the extent provided by the Policy's Duties After Loss clause.

### III.
### AFFIRMATIVE DEFENSES

8.      Pursuant to Rule 94 of the TEXAS RULES OF CIVIL PROCEDURE, Defendant Maison sets forth the following affirmative defenses to the allegations in Plaintiff's Original Petition:

EXHIBIT C-2

Certified Document Number: 88773724 - Page 3 of 6

*Payment / Offset / Credit*

9.      Defendant is entitled to an offset or credit to Plaintiff's claimed damages in the amount of any prior payment(s) and/or Plaintiff's applicable Policy deductible.

*Bona Fide Dispute*

10.      A bona fide controversy exists concerning the extent of Plaintiff's entitlement to benefits under the Policy. Maison and/or its employees, agents, representatives, and adjusters are entitled to value claims differently from Plaintiff without facing extra-contractual liability. Maison would show that a bona fide controversy exists regarding: (i) the existence and/or scope of any covered loss or damage; (ii) whether and to what extent any asserted loss or damage was the result of a covered occurrence or occurrences; and (iii) the reasonable and necessary measures to repair any covered loss or damage.

*Limitation of Punitive/Exemplary Damages*

11.      Maison denies any liability to Plaintiff for alleged extra-contractual damages. Pleading alternatively, Maison pleads that any award to Plaintiff of exemplary, additional, treble or punitive damages or penalties is limited pursuant to TEX. CIV. PRAC. & REM. CODE Ann. chapter 41 and TEX. INS. CODE §§ 541.152 and 542.060. Under the facts of this case, however, an award of exemplary, additional, treble or punitive damages or penalties consistent with the maximum awards permitted under these statutes would violate Maison's state and federal constitutional rights. Maison affirmatively pleads that an award of exemplary, additional, treble or punitive damages or penalties would violate the due process and equal protection clauses of the United States and Texas Constitutions. Maison affirmatively pleads that an award of exemplary, additional, treble or punitive damages or penalties would be both arbitrary and excessive in that (1) Texas procedure lacks adequate safeguards in violation of the due process

EXHIBIT C-2

clauses of the United States and Texas Constitutions, and (2) Maison would not be afforded equal protection against extra-contractual damages that would be limited or capped for others.

12.      As a specific defense, Maison asserts that Plaintiff's claims for punitive damages, if any, cannot be sustained pursuant to Texas law regarding the standards for determining liability for and the amount of punitive damages. The imposition of punitive damages in this case would be fundamentally unfair and would violate the Constitution of the United States and the Constitution of the State of Texas in one or more of the following respects:

a) Due process requires proof of punitive damages by a standard greater than the "preponderance of the evidence" standard.  Due process requires proof of such claims by at least clear and convincing evidence standard of proof.

b) The assessment of punitive damages, a remedy that is essentially criminal in nature without safeguards greater than that afforded by Texas Civil Procedure and the civil law, constitutes infliction of a criminal penalty without the safeguards guaranteed by the Fifth, Sixth, and Fourteenth Amendment of the Constitution of the United States, the Eighth Amendment to the Constitution of the United States, and Article I, §§ 13 and 19 of the Constitution of the State of Texas.

13.      Maison further reserves the right to assert additional affirmative defenses as this litigation proceeds.

## V.
## PRAYER

Defendant Maison Insurance Company prays that upon final judgment: (a) all relief requested by Plaintiff be denied; (b) all costs be taxed against Plaintiff; and (c) for such other and further relief, both general and special, at law or in equity, to which Defendant may be justly entitled.

EXHIBIT C-2

Respectfully submitted,

**ZELLE LLP**

By: */s/ Eric K. Bowers*
    Eric K. Bowers
    Texas Bar No. 24045538
    ebowers@zelle.com
    Eric L. Grogan
    Texas Bar No. 24116461
    egrogan@zelle.com

901 Main Street, Suite 4000
Dallas, TX  75202-3975
Telephone:    214-742-3000
Facsimile:    214-760-8994

**ATTORNEYS FOR MAISON
INSURANCE COMPANY**

EXHIBIT C-2

## <u>CERTIFICATE OF SERVICE</u>

A true and correct copy of the forgoing has been served on the following counsel of record in accordance with the TEXAS RULES OF CIVIL PROCEDURE on January 6, 2020:

Chad T. Wilson
State Bar No. 24079587
Thomas J. Landry
State Bar No. 24099161
CHAD T WILSON LAW FIRM PLLC
455 East Medical Center Blvd., Suite 555
Houston, Texas 77598
Telephone:      (832) 415-1432
Facsimile:      (281) 940-2137
eservice@cwilsonlaw.com
cwilson@cwilsonlaw.com
tlandry@cwilsonlaw.com
***Attorneys for Plaintiff***

_____*/s/ Eric K. Bowers*_____
Eric K. Bowers

EXHIBIT C-2



I, Marilyn Burgess, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   January 6, 2020


Certified Document Number:      88773724 Total Pages:  6


Marilyn Burgess, DISTRICT CLERK

HARRIS COUNTY, TEXAS


**In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**

EXHIBIT C-2